UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>                Plaintiff, <br><br>      v. <br><br> NORMAN EDWARDS, <br><br>                Defendant. | 15-CR-854 (SHS) <br><br> <u>MEMORANDUM ORDER</u> |

SIDNEY H. STEIN, U.S. District Judge.

    On July 11, 2018, Norman Edwards pled guilty to participating in two conspiracies that took place from 2009 until approximately February 2017: a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One) and a conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine in violation of 21 U.S.C. § 846 and § 841 (b)(1). (Tr., ECF No. 234.) On July 26, 2019, the Court sentenced Edwards to a prison term of 68 months on each Count to run concurrently. (ECF No. 390.)

    Edwards now moves pro se for compassionate release pursuant to 18 U.S.C. § 3582(c) and requests appointment of counsel to assist him in that motion. (ECF No. 486.) He contends that the COVID-19 pandemic plus his asthma and pre-diabetes constitute extraordinary and compelling reasons supporting his release. (*Id.*) He avers that he has exhausted his administrative remedies by filing a request for compassionate release with the warden of his facility, FCI Schuylkill, which the warden denied on November 25, 2020. (*Id.* Ex. 1.)

    The compassionate release statute permits a district court to reduce a sentence of imprisonment "after considering the factors set forth in section 3553(a)" and if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The Court has determined that Edwards' motion does not warrant either appointment of counsel or compassionate release. *See United States v. Batista*, No. 01-CR-823, 2009 WL 5757478, at *1 (S.D.N.Y. Mar. 17, 2009); *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

    First, Edwards has not established extraordinary and compelling reasons for a sentence reduction. "[W]hile the COVID-19 pandemic is undoubtedly serious and of great concern, numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12-CR-31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020).

Edwards, who is 29, (*see* PSR, ECF No. 376), has not presented evidence of either advanced age—or even middle age—or serious underlying health conditions that would place him at a high risk of complications from COVID-19. Although the CDC has highlighted that individuals with moderate to severe asthma may face a higher risk for severe illness from COVID-19, *see People Who Are at Increased Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last updated Mar. 15, 2020), Edwards presents no evidence that his asthma is moderate to severe or that he is receiving inadequate treatment for his asthma at FCI Schuylkill. Moreover, the CDC does not list pre-diabetes as a COVID-19 risk factor. *See People With Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 15, 2021).

Further, the Court cannot find that application of the section 3553(a) factors favors Edwards' early release. Over the course of his membership in the Beach Avenue Crew, a significant and violent narcotics distribution ring in the Bronx, Edwards was responsible for distributing crack cocaine. (PSR ¶ 25, ECF No. 376.) He possessed firearms while distributing these narcotics and in rap videos he posted to YouTube bragging about the Beach Avenue Crew's activities, which featured lyrics about the money the members made selling drugs. (PSR ¶ 25, ECF No. 376.) The Court considers the nature and circumstances of his offenses to be serious indeed.

Accordingly, IT IS HEREBY ORDERED that Edwards' motion for compassionate release is denied on the grounds that no extraordinary and compelling reasons exist for his release and the section 3553(a) factors do not weigh in his favor.

Dated: New York, New York
March 23, 2021

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.